```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


VIRGINIA GAMMON, INDIVIDUALLY                    CIVIL ACTION
AND ON BEHALF OF HER MINOR
CHILD, SOPHIE GAMMON,

         Plaintiffs,
                                                 NO: 14-1184
VERSUS


LAWRENCE MCLAIN, ET AL.,                         SECTION: R(1)

         Defendants.
```

**ORDER AND REASONS**

Before the Court is plaintiffs' motion to stay federal proceedings in this case pending resolution of a parallel action in Louisiana state court. The Court denies the motion because plaintiffs have failed to demonstrate exceptional circumstances to warrant a stay.

**I.  Background**

On May 23, 2014, plaintiffs Virginia and Sophie Gammon brought this action in the Eastern District of Louisiana against defendants Lawrence McLain, Safeco Insurance Company, Liberty Mutual Insurance Company, and Geico Insurance Company.[1]  The complaint arises from a motor vehicle accident that occurred on May 31, 2013 in St. Tammany Parish, Louisiana.  Plaintiffs were allegedly injured when the vehicle in which they were traveling was rear-ended by a vehicle driven by defendant McLain.  Plaintiffs assert that the

---

[1] R. Doc. 1.

accident was caused by the negligence of McLain and seek to hold Safeco and Liberty Mutual liable as McLain's insurers. Plaintiff also named her uninsured motorist carrier, Geico, as a defendant in this action.

On May 28, 2014, five days after plaintiffs commenced this action in federal court, Geico filed suit against McLain and Safeco in Louisiana state court based on the same automobile accident at issue in the federal proceeding.[2] Plaintiffs have moved to intervene in the state court proceeding.[3]

Plaintiffs now move the Court to stay the pending federal action so that the parties can proceed to trial in the parallel state court lawsuit.[4] Defendant Geico opposes the motion arguing that a stay is not warranted under the circumstances.[5]

**II. Discussion**

Federal courts have a "virtual unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "However, in 'extraordinary and narrow' circumstances, a district court may abstain from exercising jurisdiction over a case when

---

[2] R. Doc. 14-1.

[3] R. Doc. 13-1 at 2.

[4] R. Doc. 13.

[5] R. Doc. 14.

there is a concurrent state proceeding . . . ." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *Colo. River*, 424 U.S. at 813). The court's decision whether to abstain should be based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

For a court to abstain from exercising jurisdiction under the *Colorado River* doctrine, it first must find that the federal and state court actions are "parallel." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Actions are parallel when the same parties are litigating the same issues. *See Republicbank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). Here, both the federal and state proceedings revolve around the May 31, 2013 automobile accident and involve the same parties. Accordingly, the Court finds that the state and federal actions are parallel.

The Court next must determine whether exceptional circumstances exist that would permit the court to decline jurisdiction in the instant matter. *See Murphy*, 168 F.3d at 738. The Supreme Court has set forth six factors to guide this inquiry: (1) assumption by either court of jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of

piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings to protect the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-86 (1995). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colo. River*, 424 U.S. at 818-19. The Court must balance the factors carefully, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The Court now applies the *Colorado River* abstention factors to the parallel federal and state actions in this matter.

*(1) Assumption by Either Court of Jurisdiction Over a* Res

Neither this Court nor the state court has assumed jurisdiction over any *res* or property in this case. The absence of this factor, however, is not neutral. *Murphy*, 168 F.3d at 738. Rather, it weighs against abstention. *Id.*

*(2) The Relative Inconvenience of the Forums*

Both the federal and state proceedings are located in southeastern Louisiana. Therefore, neither forum is more or less convenient than the other. The absence of this factor weighs against abstention. *Id.*

*(3) The Avoidance of Piecemeal Litigation*

The federal and state actions involve the same plaintiffs, the same defendants, and the same issues, namely, whether McLain was negligent in the motor vehicle accident that allegedly resulted in plaintiffs' injuries. Thus, the litigation at issue is duplicative, not piecemeal. "The prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988) (citing *Colo. River*, 424 U.S. at 817). Rather, "*[d]uplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (emphasis in original). The animating concern here is the "danger of inconsistent rulings with respect to a piece of property." *Id.* at 650-51. As there is no *res* involved in this case, no such danger exists. Accordingly, this factor weighs against abstention. *See id.* at 651.

*(4) The Order in Which Jurisdiction Was Obtained by the Concurrent Forums*

The Supreme Court has stated that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Here, the federal court action was filed five days before the state court action. The parties dispute which case is further along, but it appears that both proceedings remain in their infancy.[6] As such, this factor weighs against abstention. *Murphy*, 168 F.3d at 738-39; *see also Black Sea*, 204 F.3d at 651.

*(5) Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits*

Both actions are governed by state tort and insurance law. That no federal law issue exists does not, alone, weigh in favor of abstention. *Evanston*, 844 F.2d at 1193. The presence of exclusively state law issues "weighs in favor of surrender only in rare circumstances." *Id.* As the Supreme Court has stated, "the task is to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone*, 460 U.S. at 26. Here, the cases

---

[6] R. Doc. 13-1 at 4; R. Doc. 14 at 4.

pose basic tort and insurance questions, and plaintiffs have made no showing of any exceptional circumstances that call for abstention in this matter. Therefore, this factor is at most neutral. See *Black Sea*, 204 F.3d at 651.

*(6) The Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction*

This final factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193. Again, both actions are governed exclusively by state tort and insurance law. Plaintiffs will have adequate protection in state court. As such, this factor is neutral.

*Summary of Colorado River Factors*

Four factors clearly weigh against abstention, while two are neutral. No factor supports staying the federal court action. The Court finds a stay unwarranted in this case.

## III. Conclusion

For the foregoing reasons, the Court DENIES plaintiffs' motion to stay.

New Orleans, Louisiana, this 13th day of January, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE