UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIRGINIA GAMMON, INDIVIDUALLY AND O/B/O HER MINOR CHILD, SOPHIE GAMMON | CIVIL ACTION |
| VERSUS | NO: 14-1184 |
| LAWRENCE MCLAIN, ET AL. | SECTION: "R" (3) |

## ORDER AND REASONS

Plaintiff Virginia Gammon sues both defendant Safeco, Lawrence McLain's auto insurer, and defendant GEICO, plaintiff's insurer, for damages arising out of an automobile accident. GEICO moves to dismiss the complaint for lack of subject matter jurisdiction because there is not complete diversity between the parties. For the following reasons, the Court GRANTS GEICO's motion.

## I.  BACKGROUND

This lawsuit arises out of a car accident that occurred on or about May 31, 2013.[1]  According to the complaint, at approximately 12:00 p.m.,

---

[1]  R. Doc. 1 at 3 ¶ 6.

plaintiffs Virginia Gammon and her daughter Sophie Gammon were passengers in a car driven by Sophie's father and Virginia's husband, Sean Gammon.[2] Lawrence McLain was driving behind the Gammon vehicle. When the car in front of the Gammon vehicle abruptly stopped, Sean Gammon applied his brakes, but could not slow down enough to avoid hitting the bumper of the vehicle in front of his.[3] Plaintiffs allege that McLain was traveling at a high rate of speed behind their vehicle and then crashed into their stopped vehicle.[4] Plaintiffs allege that McLain's negligence caused the accident, as well as their ensuing injuries.[5]

Plaintiffs filed this lawsuit on May 23, 2014, with diversity as the basis for jurisdiction.[6] Plaintiffs sued McLain, McLain's auto insurer, Safeco,[7] and GEICO, who is Sean Gammon's auto insurer. Plaintiffs' complaint asserts two claims against GEICO. The first arises under the Louisiana direct action statute, asserting that GEICO would be liable to them in the event that Sean

---

[2]   *Id.*
[3]   *Id.* at 3 ¶¶ 9-10.
[4]   *Id.* at 4 ¶ 12.
[5]   *Id.* at 5 ¶ 17.
[6]   R. Doc. 1.
[7]   Plaintiffs initially sued Liberty Mutual Insurance Co., which owned Safeco at the time of the accident. Plaintiffs have since voluntarily dismissed their claims against Liberty Mutual. R Doc. 25.

Gammon is found liable for any of plaintiffs' injuries.[8] *See* La. Stat. Ann. § 22:1269(B)(1)(d). The second is brought under the terms of Sean Gammon's policy with GEICO, in which GEICO agreed to insure Virginia and Sophie Gammon against injuries caused by an uninsured motorist, in the event that McLain's insurance policy is insufficient to cover their injuries.[9]

Defendants answered plaintiffs' complaint,[10] and the case proceeded through the trial preparation stages with a two or three day jury trial scheduled for November 14, 2016.[11] On June 21, 2016, defendant GEICO filed this Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, arguing that there is not complete diversity between the opposing parties.[12] GEICO's motion focuses on its own citizenship for the purposes of diversity. Defendant Safeco supported GEICO's motion, and also focused on the domicile of defendant Lawrence McLain to argue that

---

[8] R. Doc. 1 at 6 ¶ 20.
[9] *Id.* at 6-7 ¶¶ 22-23.
[10] *See* R. Doc. 12 (GEICO's answer); R. Doc. 19 (Safeco's answer).
[11] R. Doc. 33.
[12] R. Doc. 34.

3

complete diversity is lacking.[13] Plaintiffs filed their response in opposition on June 28, 2016,[14] and defendants both replied on July 5, 2016.[15]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required. *See* Fed. R. Civ. P. 12(b)(1). The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court. *See Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction sua sponte."). Finally, "the citizenship of a party at the *commencement* of the action is controlling for purposes of determining diversity jurisdiction and subsequent actions do not affect the

---

[13] R. Doc. 33 at 3.
[14] R. Doc. 36.
[15] *See* R. Doc. 41 (GEICO's reply); R. Doc. 43 (Safeco's reply).

court's jurisdiction." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986) (citing *Oliney v. Gardner*, 771 F.2d 856, 858 (5th Cir. 1985) (italics in original)).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction generally bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).

A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

## III. DISCUSSION

Defendants raise two possible jurisdictional defects: GEICO's citizenship as an insurer in a direct action, and Lawrence McLain's citizenship at the time plaintiffs filed suit. Because the resolution of McLain's citizenship makes it unnecessary to consider GEICO's citizenship, the Court will address only McLain's citizenship.

In *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), the Supreme Court established the rule of complete diversity for cases arising under diversity jurisdiction.  Complete diversity requires "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted).  Plaintiff is a citizen of Louisiana.  Therefore, if any defendant is also a citizen of Louisiana, diversity is destroyed, and the

6

Court must dismiss this case for lack of subject matter jurisdiction. *McLaughlin*, 376 F.3d at 353; *see also* Fed. R. Civ. P. 12(b)(1).

As a preliminary matter, the Court notes that Lawrence McLain died on September 23, 2014,[16] and was dismissed from this lawsuit shortly before his death.[17] But, whether diversity jurisdiction exists is determined at the commencement of the lawsuit, at which point McLain was a defendant. *See Hillman*, 796 F.2d at 776. Therefore, that he is no longer a party does not affect the resolution of the jurisdictional issue.

As discussed above, when a factual challenge has been made to the basis of subject matter jurisdiction, this Court may resolve the factual dispute by considering matters beyond the pleadings, such as testimony and affidavits. *See Superior MRI*, 778 F.3d at 504. Plaintiff submits evidence that McLain was domiciled in Georgia at the time they filed suit, while Defendant Safeco submits evidence that McLain was actually domiciled in Louisiana.

For diversity purposes, a person's citizenship is determined by where he or she is domiciled. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). A

---

[16] R. Doc. 36 at 7.
[17] R. Doc. 6.

7

person's domicile is the "place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* (citation omitted). A change of domicile may be effected "only by a change of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there." *Id.* (citing *Mitchell v. United States*, 88 U.S. 350 (1875)). When the domicile of a party for diversity purposes is in doubt, district courts must evaluate all of the circumstances and make a determination on a case-by-case basis. 13E Wright & Miller, *Fed. Prac. & Proc. Civ.* § 3612 (3d ed.) (collecting cases). Factors frequently taken into account include: the party's current residence, voter registration and voting practices, situs of personal and real property, location of brokerage and bank accounts, place of employment or business, driver's license and automobile registration, payment of taxes, as well as several other aspects of human life and activity. *See Coury*, 85 F.3d at 251. No single factor is conclusive. *Id.*

      The Court will consider the evidence on all of the relevant factors and weigh it to determine where Lawrence McLain was domiciled at the time this lawsuit was filed. Because Safeco argues that McLain changed his domicile, it has the burden of proof on that issue, though the ultimate burden on the

issue of diversity jurisdiction remains with Gammon. *See Coury*, 85 F.3d at 250.

In support of her position, Gammon argues that McLain actively maintained a home in Georgia that he allegedly considered his actual residence.[18] To bolster this contention, Gammon submits the accident report and a receipt from the body shop that repaired McLain's vehicle after the accident, both from the day of the accident.[19] The report and receipt show that when McLain was asked for his home address, he gave a Georgia address.[20] The accident report also shows that McLain's vehicle had a Georgia license plate, it did not have a Louisiana break tag, and that McLain had a Georgia driver's license at the time of the accident.[21]

In response, Safeco submits evidence dating back to 2009 to show that McLain intended to leave Georgia and settle in Louisiana permanently. The evidence shows that in December 2009, McLain divorced his wife.[22] As part of the divorce settlement, McLain gave his ex-wife exclusive use of their Georgia home located at 5 Woodbine Point in Newnan, GA, the same home

---

[18]  R. Doc. 36 at 8.
[19]  R. Doc. 36-1 (receipt); R. Doc. 36-2 at 4 (accident report).
[20]  *Id.*
[21]  R. Doc. 36 at 12; R. Doc. 36-2 at 4.
[22]  R. Doc. 43-1 at 2.

that was listed as McLain's address on the accident report and body shop receipt.[23] Per the divorce agreement, McLain and his wife agreed to sell the home 36 months after the execution of their divorce agreement.[24]

On April 9, 2010, McLain married Judith Elaine Jenkins King in Louisiana.[25] In their marriage contract, both Ms. King and McLain declared that they are domiciled in St. Tammany Parish, Louisiana.[26] On November 12, 2010, McLain purchased a parcel of land in St. Tammany Parish,[27] and bought a mobile home that was delivered there in May 2011.[28] On March 19, 2013, McLain entered into a short-sale agreement to sell his Newnan, Georgia property to a bank, and listed 22495 Maurice Taylor Road, Bush, LA as his home address.[29] This was also the address used by McLain when he filed an insurance claim with Safeco days after the accident.[30] McLain was issued a Louisiana driver's license on July 9, 2013 with the same Louisiana

---

[23] *Id.* at 6.
[24] *Id.*
[25] R. Doc. 43-7 at 1.
[26] *Id.*
[27] R. Doc. 43-2 at 1.
[28] R. Doc. 43-3.
[29] R. Doc. 43-4 at 8-9.
[30] R. Doc. 36-5 at 1.  This means that at the time of the accident McLain was giving both a Georgia address and a Louisiana address when asked for his home address.

address.[31]  Finally, McLain paid Louisiana state income taxes in 2011, 2012, and 2013.[32]

Based on this information, the Court finds that at the time this lawsuit was filed, Lawrence McLain lived with his wife in Louisiana, owned property solely in Louisiana, had a Louisiana driver's license, and paid Louisiana state income taxes for at least the previous three years.  The Fifth Circuit has recognized that there is a presumption that a person's current residence is also his or her domicile.  *See Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966). Although this presumption can be rebutted, here, the remaining evidence further supports finding McLain's domicile to be Louisiana.  Therefore, the weight of the evidence indicates that McLain moved his residence to Louisiana in 2010 and intended to remain here.  *See Mas*, 489 F.2d at 1399.

Because the Court finds that McLain's domicile was Louisiana at the time this suit was filed, the parties lack complete diversity.  *See McLaughlin*, 376 F.3d at 353.  Absent diversity, this Court lacks jurisdiction, and the case must be dismissed.  *See* Fed. R. Civ. P. 12(b)(1).

---

[31]  R. Doc. 43-5.
[32]  R. Doc. 43-6 at 1 (2011 tax return); at 6 (2012 tax return); at 10 (2013 tax return).

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS defendant's Motion to Dismiss. Accordingly, Gammon's claims against defendant GEICO and Safeco are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 9th day of September, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE